STATE OF RHODE ISLAND
WASHINGTON COUNTY

SUPERIOR COURT

SOUTH SHORE MENTAL HEALTH CENTER, INC., WOMEN'S DEVELOPMENT CORP., and H. REED COSPER, in his capacity as MENTAL HEALTH ADVOCATE FOR THE STATE OF RHODE ISLAND

v.

No. WC-2007- 741

THE TOWN OF HOPKINTON; VINCENZO CORDONE, Individually and in his capacity as President of the Hopkinton Town Council; BEVERLY KENNEY, Individually and in her capacity as Vice President of the Hopkinton Town Council; THOMAS E. BUCK, Individually and in his capacity as a Member of the Hopkinton Town Council; SYLVIA K. THOMPSON, Individually and in her capacity as a Member of the Hopkinton Town Council; and BARBARA A. CAPALBO, Individually and in her capacity as a Member of the Hopkinton Town Council.

True Copy Attest
Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

SUPERIOR COURT
FILED
COURTLAND R. CHAPMAN, JR.
07 NOV -9 PM 12: 52

## *COMPLAINT*

The plaintiffs, South Shore Mental Health Center, Inc. Women's Development Corp. and H. Reed Cosper, in his capacity as Mental Health Advocate for the State of Rhode Island, hereby submit the following as their Complaint against the Town of Hopkinton, and Vincenzo Cordone, Individually and in his capacity as President of the Hopkinton Town Council; Beverly Kenney, Individually and in her capacity as Vice President of the Hopkinton Town Council; Thomas E. Buck, Individually and in his capacity as a Member of the Hopkinton Town Council; Sylvia K. Thompson, Individually and in her capacity as a Member of the Hopkinton Town Council; and Barbara A. Capalbo, Individually and in her capacity as a Member of the Hopkinton Town Council.

### *Parties, Jurisdiction and Venue*

1. South Shore Mental Health Center, Inc. (the "Mental Health Center") is a 501(c)(3) not-for-profit organization organized and existing under the laws of the State of Rhode Island, with its principal place of business in Charlestown, Rhode Island.

2. Women's Development Corp. ("WDC") is a not-for-profit organization organized and existing under the laws of the State of Rhode Island, with its principal place of business in Providence, Rhode Island.

3. H. Reed Cosper is the Mental Health Advocate for the State of Rhode Island (the "Mental Health Advocate"), appointed pursuant to R.I. GEN. LAWS § 40.1-5-13. Among other responsibilities, the Mental Health Advocate is charged, by statute, to "[t]ake all possible action including, but not limited to, ... formal legal action, to secure and ensure the legal, civil, and special rights of persons who are subject to the provisions of this chapter." R.I. GEN. LAWS § 40.1-5-22(7).

4. Vincenzo Cordone ("Cordone") is an individual and, upon information and belief, is a resident of Hopkinton, Rhode Island. He is named individually and in his capacity as President of the Hopkinton Town Council.

5. Beverly Kenney ("Kenney") is an individual and, upon information and belief, a resident of Hopkinton, Rhode Island. She is named individually and in her capacity as Vice President of the Hopkinton Town Council.

6. Thomas E. Buck ("Buck") is an individual and, upon information and belief, is a resident of Hopkinton, Rhode Island. He is named individually and in his capacity as a Member of the Hopkinton Town Council.

7. Sylvia K. Thompson ("Thompson") is an individual and, upon information and belief, a resident of Hopkinton, Rhode Island. She is named individually and in her capacity as a Member of the Hopkinton Town Council.

8. Barbara A. Capalbo ("Capalbo") is an individual and, upon information and belief, a resident of Hopkinton, Rhode Island. She is named individually and in her capacity as a Member of the Hopkinton Town Council.

True Copy Attest
Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

9. The Town of Hopkinton ("Town") is a municipality located in Washington County, Rhode Island.

10. Defendants Cordone, Kenney, Buck, Thompson and Capalbo are the sole members of the Town's Town Council.

11. This Court has personal jurisdiction over each of the defendants, individually and in their official capacities, by virtue of their residence and/or location within Washington County, Rhode Island.

12. This Court has jurisdiction over the subject matter of this lawsuit pursuant to R.I. GEN. LAWS § 8-2-13 and § 8-2-14, among others.

13. Venue is proper in this Court pursuant to R.I. GEN. LAWS § 9-4-3.

***FACTS***

14. WDC is a developer of low and moderate income housing.

15. The Town is a municipality located within the State of Rhode Island.

16. On July 9, 1991, the Town and the Town of Richmond, Rhode Island ("Richmond") entered into an Agreement pursuant to which the Town agreed to purchase potable water from Richmond for a period of years (the "Water Agreement").

17. As part of the Water Agreement, Richmond agreed to provide water to certain locations within the Town.

18. Paragraph 14 of the Water Agreement recites, in relevant part:

> No modifications, amendments or supplements to this agreement shall be effective for any purpose unless in writing signed by each party. Whenever any approval or consent of a party hereto must be obtained, pursuant to any provision of this agreement, such approval or consent shall not be unreasonably withheld or delayed.

True Copy Attest

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

19. As of December 22, 1993, Richmond and the Town agreed, in writing, to amend the Water Agreement to expand the locations and number of users within the Town using potable water furnished by Richmond.

20. As part of this amendment, the Town agreed to pay an additional fee to Richmond.

21. As of 2005, the Town did not have within it an adequate supply of low or moderate income housing consistent with local needs, as defined in R.I. GEN. LAWS § 45-53-3(2).

22. In 2005, WDC and the Mental Health Center submitted to the Town's Planning Board an Application for Comprehensive Permit (the "Application") to construct a 30-unit development of low-income housing (the "Housing Units") on land on Bank Street in Hopkinton, Rhode Island, which land was subject to an option to purchase by WDC and the Mental Health Center.

23. The water line adjacent to the Bank Street location is the extension the line from Richmond, present in Hopkinton because of the existence of the Water Agreement.

24. Thus, in designing the Housing Units, WDC determined that the sole means of providing water to the Housing Units was via the extension of the line from Richmond.

25. On March 29, 2005, the Richmond Water Supply Board advised WDC that it had no objection to a connection to the extension of the Richmond water line adjacent to Bank Street, "with the understanding that [it] meet all the requirements of the Towns of Hopkinton and Richmond."

26. On October 6, 2005, the Town certified that the Application was complete.

27. The Application specified that all of the Housing Units would be low-income housing.

28. The Application specified that some of the Housing Units would be exclusively for individuals afflicted with mental disabilities, including clients of the Mental Health Center.

True Copy Attest
Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

29. On November 2, 2005, the Town's Planning Board granted the Application master plan approval.

30. Thereafter, WDC submitted the Application for preliminary plan approval.

31. The Application continued to specify that all of the Housing Units would be low-income housing.

32. The Application continued to specify that some of the Housing Units would be exclusively for individuals afflicted with mental disabilities, including clients of the Mental Health Center.

33. On July 7, 2006, Richmond and WDC formalized a Memorandum of Understanding under which Richmond agreed to provide water to the Housing Units, subject to the execution of an amendment to the Water Agreement (the "WDC Amendment").

34. The WDC Amendment to the Water Agreement would have had Richmond provide water to the Housing Units at no cost to the Town.

35. WDC is unaware of any burden on the Town – fiscal or otherwise – that would result from the enactment of the WDC Amendment to the Water Agreement.

36. Thereafter, on August 15, 2006, Richmond wrote to the Town formally requesting an amendment to the Water Agreement.

37. On October 4, 2006, the Town Planning Board approved the amendment.

38. On March 7, 2007, the Town's Planning Board issued preliminary approval for the Application, subject to some post-approval issues.

39. Of all the post-approval issues, only one – the provision of water to the Housing Units – remains unsatisfied.

40. On June 18, 2007, WDC requested the Town consider and execute the WDC Amendment to the Water Agreement.

True Copy Attest

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

41. The Town Council placed WDC's request on the Town Council agenda for August 20, 2007.

42. On August 7, 2007, the Application had received final plan approval from the Town.

43. On August 20, 2007, however, Thompson, reading from scripted remarks prepared prior to the Open Meeting of the Town Council, moved the Town Council to essentially table WDC's request for the execution of the WDC Amendment.

44. Execution of the WDC Amendment is the only practical approach to providing water to the Housing Units in connection with a project *twice* approved by the Town, and specifically identified by the Town Council itself in support of its request to the State of Rhode Island to approve the Town's own Affordable Housing Plan.

***COUNT I***
***(Violation of Open Meetings Act, R.I. GEN. LAWS § 42-46-1, et seq.)***

45. The Mental Health Center, WDC and the Mental Health Advocate restate and incorporate by this reference the allegations contained in Paragraphs 1 through 44 of this Complaint as if more fully set forth herein.

46. It is essential to the maintenance of a democratic society that public business be performed in an open and public manner and that the citizens be advised of and aware of the performance of public officials and the deliberations and decisions that go into the making of public policy.

47. The scripted remarks presented by Thompson at the Town Council's August 20, 2007, meeting suggests that one or more members of the Town Council had developed the proposal outside the open and public manner required by R.I. GEN. LAWS § 42-46-1, et seq.

48. To the extent that such deliberation occurred outside the open and public manner required by R.I. GEN. LAWS § 42-46-1, et seq., such deliberation violates the Open Meetings Act.

True Copy Attest
Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

49. As a result of such violation, the Mental Health Center and WDC have suffered damages.

WHEREFORE, upon the judgment of this Court in favor of the plaintiffs and against the defendants, WDC and the Mental Health Center request an order imposing a fine of up to Five Thousand Dollars ($5000) against the Town pursuant to R.I. GEN. LAWS § 42-46-8(d); imposing a fine of up to Five Thousand Dollars ($5000) against each of the individual defendants pursuant to R.I. GEN. LAWS § 42-46-8(d); declaring the Town's refusal to consider and execute the WDC Amendment to the Water Agreement null and void pursuant to R.I. GEN. LAWS § 42-46-8(d); awarding the plaintiffs their attorneys fees and costs; and awarding them such other and further relief as may be appropriate in these circumstances.

***COUNT II***
***(Breach of Contract)***

50. WDC and the Mental Health Center restate and incorporate by this reference the allegations contained in Paragraphs 1 through 49 of this Complaint as if more fully set forth herein.

51. WDC and the Mental Health Center are intended third-party beneficiaries of the Water Agreement.

52. The refusal of the Council Members, individually and in their official capacities, to vote to execute the WDC Amendment to the Water Agreement is a breach of the Water Agreement, in that their consent has been unreasonably refused and/or delayed.

53. The Town's refusal to execute the WDC Amendment to the Water Agreement is a breach of the Water Agreement, in that the Town's consent has been unreasonably refused and/or delayed.

54. As a result of the breach by the Town and the Council Members, individually and in their official capacities, WDC and the Mental Health Center have been damaged.

True Copy Attest

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

WHEREFORE, upon the judgment of this Court in favor of the plaintiffs and against the defendants, WDC and the Mental Health Center request an order awarding them compensatory damages; requiring the Town execute the WDC Amendment; awarding them attorneys' fees and costs; awarding them interest on all such sums so awarded; awarding them such other and further relief as may be appropriate in these circumstances.

***COUNT III***
***(Declaratory Judgment)***

55. WDC and the Mental Health Center restate and incorporate by this reference the allegations contained in Paragraphs 1 through 54 of this Complaint as if more fully set forth herein.

56. WDC and the Mental Health Center are parties interested in the Water Agreement.

57. Because Richmond has requested an amendment to the Water Agreement, and because the Town has withheld and delayed its consent to the execution of the Water Agreement, there is a question of construction of the Water Agreement.

WHEREFORE, pursuant to the Uniform Declaratory Judgments Act, R.I. GEN. LAWS § 9-30-2, WDC and the Mental Health Center hereby request a declaration that the Town has unreasonably withheld or delayed its consent to, and execution of, the Water Agreement.

***COUNT IV***
***(Violation of Substantive Due Process under U.S. and R.I. Constitutions)***

58. The Mental Health Center, WDC and the Mental Health Advocate restate and incorporate by this reference the allegations contained in Paragraphs 1 through 57 of this Complaint as if more fully set forth herein.

59. According to R.I. GEN. LAWS § 45-53-2, "there exists an acute shortage of affordable, accessible, safe, and sanitary housing for its citizens of low and moderate income, both individuals and families; that it is imperative that action is taken immediately to assure the availability of affordable, accessible, safe, and sanitary housing for these persons; that it is necessary that each

True Copy Attest
Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

city and town provide opportunities for the establishment of low and moderate income housing; and that the provisions of this chapter are necessary to assure the health, safety, and welfare of all citizens of this state, and that each citizen enjoys the right to affordable, accessible, safe, and sanitary housing.

60. The purpose of the Low and Moderate Income Housing Act, R.I. GEN. LAWS § 45-53-1, et seq., is to provide for housing opportunities for low and moderate income individuals and families in each city and town of the state and to give an equal consideration to the retrofitting and rehabilitation of existing dwellings for low and moderate income housing and assimilating low and moderate income housing into existing and future developments and neighborhoods.

61. The decision of the Town and the Council Members, individually and in their official capacities, to not consider, and not execute, the WDC Amendment is clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals or general welfare.

62. The decision of the Town and the Council Members, individually and in their official capacities, violates the substantive due process of two suspect classes: the mentally disabled and citizens of low and moderate income.

63. The decision of the Town and the Council Members, individually and in their official capacities, violates the substantive due process of WDC the Mental Health Center and the persons who are subject to the provisions of Title 40.1, Chapter 5 of the Rhode Island General Laws.

64. As a result of this conduct, the plaintiffs have suffered damages.

WHEREFORE, upon the judgment of this Court in favor of the plaintiffs and against the defendants, WDC, the Mental Health Center and the Mental Health Advocate request an order affording them all relief available to them under the Constitutions of the United States of America and the State of Rhode Island, judicial decisions construing such Constitutions, and state and federal

True Copy Attest

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

statutes, including but not limited to relief allowed by 42 U.S.C. § 1983 and § 1988, including damages, punitive damages, attorneys' fees and costs, among other forms of relief.

### *COUNT V*
### *(Violation of Equal Protection Clauses of U.S. and R.I. Constitutions)*

65. The Mental Health Center, WDC and the Mental Health Advocate restate and incorporate by this reference the allegations contained in Paragraphs 1 through 64 of this Complaint as if more fully set forth herein.

66. Under the United States and Rhode Island Constitutions, WDC, the Mental Health Center and those persons subject to Title 40.1, Chapter 5 of the Rhode Island General Laws are entitled to equal protection of the laws.

67. Under the United States and Rhode Island Constitutions, the prospective occupants and owners of the Housing Units are entitled to equal protection of the laws.

68. Whereas the Town agreed to amend the Water Agreement in December, 1993, it has refused to consent to or execute the WDC Amendment to the Water Agreement.

69. The failure to consent to the execution of the WDC Amendment by the Town and the Council Members, individually and in their official capacities, denies WDC, the Mental Health Center and those persons subject to Title 40.1, Chapter 5 of the Rhode Island General Laws equal protection of the laws.

70. The decision of the Town and the Council Members, individually and in their official capacities denies two suspect classes – the mentally disabled and citizens of low and moderate income – the equal protection of the laws.

WHEREFORE, upon the judgment of this Court in favor of the plaintiffs and against the defendants, WDC, the Mental Health Center and the Mental Health Advocate request an order affording them all relief available to them under the Constitutions of the United States of America and the State of Rhode Island, judicial decisions construing such Constitutions, and state and federal

True Copy Attest

Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island

statutes, including but not limited to relief allowed by 42 U.S.C. § 1983 and § 1988, including damages, punitive damages, attorneys' fees and costs, among other forms of relief.

***COUNT VI***
***(Writ of Mandamus)***

71. The Mental Health Center, WDC and the Mental Health Advocate restate and incorporate by this reference the allegations contained in Paragraphs 1 through 70 of this Complaint as if more fully set forth herein.

72. The Mental Health Center, WDC and the Mental Health Advocate have a clear legal right to the execution of the Water Amendment.

73. The Town Council has a ministerial duty to perform the requested act.

74. The Mental Health Center, WDC and the Mental Health Advocate do not have an adequate remedy at law.

WHEREFORE, upon the judgment of this Court in favor of the plaintiffs and against the defendants, WDC, the Mental Health Center and the Mental Health Advocate request that this Court issue a Writ of Mandamus compelling the Town, by and through the Town Council, to execute the Water Amendment.

SOUTH SHORE MENTAL HEALTH CENTER, INC., WOMEN'S DEVELOPMENT CORP. and H. REED COSPER, in his capacity as MENTAL HEALTH ADVOCATE FOR THE STATE OF RHODE ISLAND,
By their attorney,

Douglas J. Emanuel (5176)
CHACE RUTTENBERG & FREEDMAN, LLP
One Park Row, Suite 300
Providence, RI 02903
Tel.: (401) 453-6400
Fax: (401) 453-6411
Email: demanuel@crfllp.com

Dated: November 8, 2007

True Copy Attest
Offices of Clerk of Superior Court
County of Washington
Wakefield, Rhode Island