UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SOUTH SHORE MENTAL HEALTH CENTER, INC., et al<br><br>*Plaintiffs,*<br><br>vs.<br><br>THE TOWN OF HOPKINTON, et al<br><br>*Defendants.* | C.A. No. 07-454ML |

**REPLY MEMORANDUM TO PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

## I. Introduction

The recurring theme in Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss ("Plaintiffs' Memorandum") (Document 7) is that they have stated just enough facts to survive Defendants' Motion to Dismiss. But, is this true? If these "facts" were presented to this Court, accepted as true and accurate, would the pleader be entitled to relief? Defendants contend that the answer is "no" because the pleaded facts do not state claims upon which relief may be granted. The pleaded facts do not meet the standard necessary to survive the standard under *Fed.R.Civ.P. 12(b)(6)*. Pursuant to LR Cr. 47, Defendants file their Reply Memorandum to address Plaintiffs' arguments.

## II. The Open Meetings Act Claim

Plaintiffs contend that the factual averments to support their Open Meetings Act ("OMA") claim are contained in six (6) paragraphs of their Complaint, to wit, paragraphs 43, and 45 through 49. *See Plaintiffs' Memorandum at pp. 5-6*. However, a close

examination of those paragraphs shows that the only "facts" are these: on August 20, 2007, Councilperson Thompson read from scripted remarks prepared prior to the Open Meeting. *Plaintiffs' Complaint, paragraphs 43 and 47*. The remaining allegations are simply bald assertions, i.e., broad statements or legal conclusions. As Defendants have previously argued, the "scripted remarks" allegations in the Complaint are insufficient to state an OMA claim.[1]

In their memorandum (but not in their Complaint), Plaintiffs argue that it is a violation of the OMA for three members to have deliberated Councilperson Thompson's remarks either together or, in sequence if not together. These pronouncements on the law may be correct, but they are ultimately irrelevant because Plaintiffs' Complaint does not contain these factual averments. The Complaint does not state that three members of the Council got together either in person, or in sequence, to "deliberate" the "scripted remarks." It simply "suggests" that one or more members may have developed the proposal outside of the open meeting. But, as argued in Defendants' Memorandum, the number of members is absolutely essential for an OMA claim. One or two members deliberating the scripted remarks is not an OMA violation. Unless Plaintiffs are prepared to state that three Council members deliberated the "scripted remarks" either in person or in sequence, then the factual averments contained in Plaintiffs' Complaint, even if true, do not state an OMA claim.

Plaintiffs have not made this necessary factual averment because they have no such facts. As they state in their memorandum, "discovery" is needed to reveal whether their "allegations" are "meritorious." Defendants should not be subjected to defending a

---

[1] The previous arguments are found on pages 4-6 of Defendants' Memorandum in Support of Its Motion to Dismiss ("Defendants' Memorandum") and will not be repeated here.

claim based simply on speculation and Plaintiffs' hope that, somewhere along the way, facts may emerge to support their claim. Plaintiffs had other methods at their disposal to investigate whether Defendants violated the OMA. *See e.g., R.I.G.L. § 42-46-8(a) ("Any citizen or entity of the state who is aggrieved as a result of violations of the provisions of this chapter may file a complaint with the attorney general. The attorney general shall investigate the complaint and if the attorney general determines that the allegations of the complaint are meritorious he or she may file a complaint on behalf of the complainant in the superior court against the public body.")*

Plaintiffs' OMA claim must fail because the factual averments in their Complaint are insufficient to state a claim upon which relief may be granted.

**III. The Breach of Contract Claim**

Both parties agree that Plaintiffs must be an intended third-party beneficiaries for their breach of contract claim. And, both parties agree on the legal test Plaintiffs must satisfy to state a claim as an intended third-party beneficiary. The test "requires that the parties [to the contract] directly and unequivocally intend to benefit a third party in order for that third party to be considered an intended beneficiary." *Forcier v. Cardello, 173 B.R. 973, 984 (D.R.I 1994).* Plaintiffs argue that "[i]t is inconceivable to characterize the Water Agreement as anything other than a contract between the Town and Richmond for the benefit of third parties – individual residents of Hopkinton * * * . More specifically, the Water Agreement is for the benefit of residents of Hopkinton who can be served by an extension of Richmond's water line." *Plaintiffs' Memorandum, p. 8.*

Initially, Defendants state the obvious: there is a difference between an incidental beneficiary of a contract and an intended beneficiary. An incidental beneficiary cannot

maintain a breach of contract lawsuit. So, while the Water Agreement may incidentally benefit Hopkington residents, that incidental benefit does not allow them to file a breach of contract lawsuit against the parties to the Water Agreement. Secondly, most, if not all, contracts entered into by a municipality "benefit" its residents. Why else would a municipality enter into a contract, except to benefit its residents? But, that incidental benefit does not allow a resident to file a breach of contract lawsuit unless that resident can meet the very strict standards of proving that he or she is an intended third-party beneficiary.

It is noteworthy that, in responding to Defendants' arguments, Plaintiffs do not point to any provision of the Water Agreement to support their argument that they were intended third-party beneficiaries. An examination of the Water Agreement reveals why: not only is there no language to support Plaintiffs' claim, the language actually supports the opposite proposition. On page 1 of the Water Agreement, at paragraph 1, it states that "[t]he water so provided shall service a maximum of 65 users * * *." Plaintiffs do not allege, nor can they, that they are one of those 65 users. Further, Exhibit A to the Water Agreement lists the lots that are to be provided water. Once again, Plaintiffs do not allege, nor can they, that their lot is one of the lots listed on Exhibit A. Unlike these 65 users or lot owners, Plaintiffs cannot present any factual averment that they are intended third-party beneficiaries of the Water Agreement.

Plaintiffs have not alleged – and cannot allege - sufficient facts to demonstrate that they are intended third-party beneficiaries to file a breach of contract claim for the Water Agreement.

## IV. The Substantive Due Process Claim

In order to state a substantive due process claim, Plaintiffs agree that they must identify a property interest. Plaintiffs identify their property interest as "'the right of affordable, accessible, safe and sanitary housing' itself is 'necessary to assure the health, safety and welfare of all citizens of this state.'" *Plaintiffs' Memorandum, p. 11*. According to Plaintiffs, this property interest emanates from R.I.G.L. § 45-53-2. However, R.I.G.L. § 45-53-2 does not mandate or create a constitutionally protected property interest in affordable, accessible, safe and sanitary housing. It is simply a broad statement of legislative findings and intent of the Rhode Island General Assembly related to low and moderate income housing. Further, Plaintiffs do not seek residence in affordable, accessible, safe and sanitary housing (nor could they as they are entities, not individuals). Plaintiffs have not identified a constitutionally protected property interest sufficient to satisfy the first element of a substantive due process claim.

With respect to the second element, contrary to Plaintiffs contentions, the Town is not attempting to recast this case. The cases cited by Defendants, some of which are in the zoning and planning area, illustrate the high standard necessary to state a substantive due process claim. The factual allegations of Plaintiffs' Complaint simply do not rise to that high standard as set forth in Defendants' Memorandum. Plaintiffs have not alleged sufficient factual averments to state a substantive due process claim.

## V. The Equal Protection Claim

Plaintiffs cite three paragraphs of their Complaint which they claim are sufficient factual averments to state their equal protection violation claim. These paragraphs state, in substance, that a) the Water Agreement exists between the Town and Richmond, b) the

Town and Richmond have previously amended the Water Agreement for two additional lots, and c) the Town now refuses to execute a second amendment for Plaintiffs' lot. Plaintiffs contend that these facts are sufficient to state a violation of the Equal Protection Clause under the United States and Rhode Island Constitutions. But, is this true? If these facts were presented to this Court, and accepted as true and accurate, would "the pleader be entitled to relief?"

Defendants contend that the pleader would not be entitled to relief because those bare facts do not state an equal protection violation. It is not enough to allege that the Town had previously amended the Water Agreement for another party. By itself, that factual averment does not satisfy the first element of an equal protection violation claim. To state such a claim, the other party must have been similarly situated and Plaintiffs were selectively treated differently. These necessary factual averments are missing from Plaintiffs' Complaint. Similarly, the factual averment that the Town said "no" to the WDC Amendment - even if true – is insufficient to state an equal protection claim. "Although there is no heightened pleading standard for civil rights claims, mere conclusory allegations of discrimination unsupported by an facts are insufficient for notice pleading purposes." *Toledo v. Sanchez, 454 F.3d 24, 34 (1st Cir. 2006).* Plaintiffs must state facts that the selective treatment was based on an impermissible ground. Without these basic factual averments, Plaintiffs' Complaint fails to state an equal protection claim violation.

## VI. The Remaining Claims

Defendants will not restate the arguments contained in their Memorandum (Document 4) to Plaintiffs' claims for declaratory judgment, mandatory injunction and

individual liability. They will, however, emphasize that these claims are dependent on Plaintiffs' other claims. For example, if Plaintiffs do not survive the challenge to their claim that they are intended third-party beneficiaries of the Water Agreement, then the predicate for the declaratory judgment and mandamus claims vanishes and these claims must also be dismissed.

## VII. Conclusion

For the reasons stated herein, as well as those in Defendants' Memorandum and those that may be argued before the Court, Defendants respectfully request that their motion to dismiss be granted in their favor on all counts of Plaintiffs' Complaint.

Defendants,
By their attorneys,

*/s/ Marc DeSisto*
*/s/ Michael A. DeSisto*

Marc DeSisto (#2757)
Michael A. DeSisto (#2444)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
(401) 272-4442
(401) 272-9937 fax
marc@desistolaw.com

and,

*/s/ Patricia A. Buckley*

Patricia A. Buckley, Esq. (#2987)
Carroll Kelly & Murphy
400 Turks Head Building
Providence, RI 02903
(401) 331-7272
(401) 331-4404 fax
pbuckley@ckmlaw.com

CERTIFICATION

I hereby certify that the within document has been electronically filed with the Court on this 28th day of February, 2008, and is available for viewing and downloading from the ECF system. Service on the counsel of record, as listed below, will be effectuated by electronic means:

Douglas J. Emanuel
demanuel@crfllp.com

*/s/ Michael A. DeSisto*

Michael A. DeSisto