***UNITED STATES DISTRICT COURT***
***FOR THE DISTRICT OF RHODE ISLAND***

SOUTH SHORE MENTAL
HEALTH CENTER, INC., et al.

v. Civil Action No. 07-454-ML

THE TOWN OF HOPKINTON; et al.

***PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS***

Plaintiffs hereby move this Court for an Order allowing it to file a brief supplemental memorandum in opposition to the defendants' Motion to Dismiss.

In support of this motion, the plaintiffs state they wish to call to the attention of this Court a recent decision of the Rhode Island Superior Court that may have bearing on the Court's adjudication of the defendants' Motion to Dismiss, which is pending before the Court.

A memorandum in support of this motion and the proffered Supplemental Memorandum are attached.

WHEREFORE, plaintiffs request that their motion is granted, and that they be allowed to filed the proffered Supplemental Memorandum.

SOUTH SHORE MENTAL HEALTH
CENTER, INC., et al.
By their attorney,

/s/ Douglas J. Emanuel
Douglas J. Emanuel (5176)
CHACE RUTTENBERG & FREEDMAN, LLP
One Park Row, Suite 300
Providence, RI 02903
Tel.: (401) 453-6400
Fax: (401) 453-6411
Email: demanuel@crfllp.com

Dated: April 16, 2008

***CERTIFICATE OF SERVICE***

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 16, 2008.

/s/ Douglas J. Emanuel

***UNITED STATES DISTRICT COURT***
***FOR THE DISTRICT OF RHODE ISLAND***

SOUTH SHORE MENTAL
HEALTH CENTER, INC., et al.

v. Civil Action No. 07-454-ML

THE TOWN OF HOPKINTON; et al.

***MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS***

Plaintiffs have moved this Court for an Order allowing it to file a brief supplemental memorandum in opposition to the defendants' Motion to Dismiss.

In support of this motion, the plaintiffs wish to advise this Honorable Court of a recent decision of the Rhode Island Superior Court, *Sullivan, et al. v. Carney, et al.,* No. WC-2005-0744 (February 4, 2008), because the *Sullivan* decision – including its assessment that the Affordable Housing Plans adopted by various Rhode Island municipalities are legally binding documents – may bear on this Court's evaluation of the defendants' Motion to Dismiss.

For that reason, the plaintiffs seek the permission of the Court to file the proffered Supplemental Memorandum.

SOUTH SHORE MENTAL HEALTH
CENTER, INC., et al.
By their attorney,

/s/ Douglas J. Emanuel
Douglas J. Emanuel (5176)
CHACE RUTTENBERG & FREEDMAN, LLP
One Park Row, Suite 300
Providence, RI 02903
Tel.: (401) 453-6400
Fax: (401) 453-6411
Email: demanuel@crfllp.com

Dated: April 16, 2008

***CERTIFICATE OF SERVICE***

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 16, 2008.

/s/ Douglas J. Emanuel

***UNITED STATES DISTRICT COURT***
***FOR THE DISTRICT OF RHODE ISLAND***

SOUTH SHORE MENTAL
HEALTH CENTER, INC., et al.

v. Civil Action No. 07-454-ML

THE TOWN OF HOPKINTON; et al.

***PLAINTIFFS' [PROPOSED] SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS***

In addition to, and incorporating, the reasons and arguments previously proffered to the Court, plaintiffs rely on *Sullivan, et al. v. Carney, et al.,* No. WC-2005-744 (February 4, 2008) in opposition to the Motion to Dismiss filed by the defendants.

In *Sullivan,* the Rhode Island Superior Court opined on the question of the binding nature of Affordable Housing Plans prepared by the various municipalities in an effort to meeting the obligation to provide a minimum number of affordable housing units to their citizens imposed by Chapter 53 of Title 45 of the Rhode Island General Laws. In *Sullivan,* the Superior Court struck an amendment to the Charlestown Zoning Ordinance that was not in conformity with the Town's Comprehensive Plan and Affordable Housing Plan. *Sullivan v. Carney,* No. WC-2005-744, February 4, 2008, slip op. at 20.[1] "As part of the Comprehensive Plan, the affordable housing plan is not simply an innocuous general policy statement. Rather, the affordable housing plan is just as legally binding as the rest of Charlestown's Comprehensive Plan and may not be discarded or ignored." *Id.* at 16 (internal citation omitted).

In ruling against the Town of Charlestown, the *Sullivan* court ordered that it pay the plaintiffs' attorneys' fees.

---

[1] A copy of this decision is attached.

The Complaint in this case alleges that the Hopkinton's Affordable Housing Plan *specifically* includes and references the development anticipated by Women's Development Corp. and South Shore Mental Health Center. *Complaint,* ¶ 44. Accepting this fact as true, which the Court does at the Motion to Dismiss stage, *Figueroa v. Rivera,* 147 F.3d 77 (1st Cir. 1998), a fact-finder can certainly determine that the Town's refusal to amend the Water Agreement for the benefit of this affordable housing project is inconsistent with the Town's "legally binding" Affordable Housing Plan. *Sulluvan,* slip op. at 16. As such, there is yet another set of facts on which the Mental Health Center and WDC can prevail on their Complaint.

Wherefore, for these reasons, and for the reasons set forth in their Memorandum in Opposition to Defendants' Motion to Dismiss, the plaintiffs request that the motion be denied.

SOUTH SHORE MENTAL HEALTH
CENTER, INC., et al.
By their attorney,

______________________________

Douglas J. Emanuel (5176)
CHACE RUTTENBERG & FREEDMAN, LLP
One Park Row, Suite 300
Providence, RI 02903
Tel.: (401) 453-6400
Fax: (401) 453-6411
Email: demanuel@crfllp.com

Dated: April 16, 2008

***CERTIFICATE OF SERVICE***

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on ______________, 2008.

______________________________